IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FULVIO ZERLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv- |
| vs. ) | |
| ) | Jury Trial Demanded |
| STARK COUNTY, ILLINOIS and STEVE ) | |
| SLOAN, in his Individual and Official ) | |
| Capacity. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, FULVIO ZERLA ("Zerla"), by and through his attorneys, JULIE L. GALASSI, DUSTIN R. JENSEN, and HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT against Defendants, STARK COUNTY, ILLINOIS ("Stark County") and STEVE SLOAN ("Sloan"):

### Nature of the Action

1. On January 13, 2015, Zerla was appointed to Stark County's Board of Directors.

2. Zerla was an advocate for budget restraint and sought to remedy budgetary failures in the Stark County's Sheriff Department.

3. Sloan has served as the Sheriff of Stark County since December 1, 2016.

4. As more fully described in this complaint, Sloan took actions to prevent Zerla from publicly discussing his budgetary concerns by personally intimidating and threatening Zerla, calling for Sloan's supporters to intimidate Zerla, violating

1

the law to allow intimidation of Zerla to take place that would not have otherwise occurred without Sloan's action, and paid individuals to disrupt the functions of the Stark County Board.

5. Sloan acted under the color of state title, i.e. in his capacity of Sheriff, when he undertook the actions complained of in this complaint.

6. Sloan's actions violated 42 U.S.C. 1983, because he deprived Zerla of his constitutionally protected right of free speech while acting under the color of state law via his position as Sheriff of Stark County.

## Parties

7. Zerla resides in Stark County, Illinois.

8. Sloan resides in Stark County, Illinois and is employed by Stark County.

9. Stark County is a resident of Stark County, Illinois.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, because this matter is a civil action arising under the Constitution and laws of the United States.

11. The Central District of Illinois, Peoria Division, is the proper venue for this matter pursuant to 28 U.S.C. 1391(b)(1) and (2), because the Defendants reside in Stark County, Illinois and a substantial part of the events giving rise to Zerla's claims occurred in the Peoria Division of the Central District of Illinois.

## COUNT I
## 42 U.S.C. §§1983.

12. Zerla had oversight responsibilities with regard to county finances, which included appropriations for the operation of the Sheriff's department.

13. At all relevant times, Zerla and other Board members discussed the budget and their policy positions at each Board meeting. Zerla's statements at Board meetings stressed the necessity of each department staying within budget.

14. During the spring of 2017, Sloan's expenditures at the Stark County Sheriff's office were causing a budget crisis. Zerla, along with the County Chairperson, tried to work with Sloan to resolve the monetary problems.

15. Sloan rejected Zerla and the Chairperson's list of changes that would rein in spending for the Sheriff's office.

16. Zerla prepared a letter for the Chairperson to send to Sloan outlining the budget problems Sloan's spending was creating, including a warning that if Sloan went over budget, the Chairperson did not foresee additional monies being appropriated for the Sheriff's office.

17. Sloan's agitation over the Chairperson and Zerla's insistence that the Sheriff's office stay within its budget boiled over on May 9, 2017 during a Board meeting.

18. As Sheriff, Sloan was required to attend Board meetings to keep the peace.

19. On May 9, 2017, while performing his duties as Sheriff of Stark County, Sloan publicly stated he would no longer work with Zerla or the

Chairperson. Sloan then yelled to Zerla that Zerla better look at Sloan while he was talking, and he better not roll his eyes. Sloan's physical gestures toward Zerla caused Zerla and other Board members to conclude that Sloan was threatening Zerla.

20. Prior to the June 13, 2017 Board meeting, Sloan urged his supporters to attend the meeting for intimidation purposes.

21. Sloan held a rally outside the Stark County courthouse on June 13, 2017, urging everyone present to come inside and disrupt the county Board meeting, for which he was charged with keeping the peace.

22. Sloan invited so many of his supporters into the courthouse, Zerla had to push through a hostile crowd in order to take his seat as a Board member.

23. Sloan packed the courthouse in violation of the fire code.

24. At the June 13th meeting, Sloan stood closely to, and directly behind, Zerla. Before the meeting could begin, Sloan began yelling for Zerla and the Chairperson's resignation and demanded his supporters yell louder. The meeting was then cancelled preventing any discussion of how to resolve the Sheriff's budget problems. Zerla and the Chairperson stayed in the courthouse for some time afterward so as to avoid contact with the mob.

25. At the meeting rescheduled for June 15, 2017, Sloan paid individuals from a purported watchdog group to attend the meeting. The meeting was immediately disrupted by the "watchdog" members who denounced the meeting as illegal and asserted the Chairperson was subject to arrest if the meeting was not

cancelled. The meeting was then cancelled preventing any discussion of how to resolve the Sheriff's budget problems.

26. After effectuating the cancellation of the meeting, Sloan and his deputies surrounded the Chairperson and led her away.

27. In June 2017, Sloan released to the public a voice mail from the Chairperson to Sloan from January 2017 wherein she expressed concerns over disruptions at meetings by two individuals. As a result, one of the individuals drove by the Chairperson's house on multiple occasions and posted on Facebook if the Chairperson was at home. The other individual watched the Chairperson and Zerla and posted their location on Facebook.

28. Zerla and the Chairperson resigned as a result of Sloan's intimidating actions detailed above, which led Zerla and the Chairperson to fear for their families' safety.

29. Zerla was never able to communicate his policy prescriptions for the Sheriff's office's out-of-control budget.

30. Zerla was attempting to exercise his right of free speech in discussing policies related to the county budget.

31. Sloan's conduct was committed under color of state law as Sheriff of the County.

32. As Sheriff, Sloan's above-described actions constituted state action.

33. As Sheriff, Sloan adopted an official policy for the Sheriff's office to impede and prevent discussion regarding the financial operation of his department.

34. Zerla has a constitutionally protected right to free speech as guaranteed through the First Amendment of the United States Constitution and made enforceable through 42 U.S.C. §1983.

35. Sloan intentionally and willfully violated Zerla's constitutional right to free speech, in violation of 42 U.S.C. §1983, first by intimidating Zerla to the point he would be prevented from speaking about budget policies and resign from his duly elected office; and second, with deliberate indifference, by placing Zerla in a position of danger that he would not have otherwise faced.

36. Sloan acted intentionally and with callous disregard for Zerla's clearly established constitutional rights.

37. As a direct and proximate result of the Sloan's violations of Zerla's constitutional rights, Zerla has suffered severe and substantial damages. These damages include lost wages, loss of reputation, embarrassment, inconvenience, and emotional anguish and distress and other compensatory damages, in an amount to be determined by and jury and the Court.

WHEREFORE Plaintiff, Fulvio Zerla, respectfully requests that this Court enter judgment in his favor and against Defendants, Steve Sloan and the Stark County Board, as follows:

A. For appropriate compensatory damages to be determined at trial;

B. For appropriate declaratory relief regarding the unlawful and unconstitutional acts of Defendants;

C. For appropriate equitable relief against Defendants as allowed by 42 U.S.C. §1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue;

D. For an award of punitive damages against Steve Sloan in his individual capacity;

E. For an award of reasonable attorney's fees and costs expended pursuant to 42 U.S. C. §1988; and

F. For such other and further relief to which Plaintiff may show himself entitled.

        Fulvio Zerla,
           Plaintiff,

        By:___*/s/ Julie L. Galassi*___
        JULIE L. GALASSI, ESQ., BAR NO. 6198035
        DUSTIN R. JENSEN, ESQ., BAR NO. 6306248
        HASSELBERG, ROCK, BELL & KUPPLER, LLP
        Suite 200, Associated Bank Building
        4600 N. Brandywine Drive
        Peoria, Illinois 61614-5591
        Telephone:  (309) 688-9400
        Facsimile:  (309) 688-9430
        Email: jgalassi@hrbklaw.com
                djensen@hrbklaw.com
                dwarner@hrbklaw.com

T:\JLG\ZERLA, FULVIO\WORKING\PLEADINGS\COMPLAINT (FINAL).DOCX